(October 29, 1963)

■ F. N. JEAN GINDORFF, Respondent, v. MOBIL OVERSEAS OIL COMPANY, INC., et al., Appellants, et al., Defendants.

*Per Curiam.* In the first cause of action, to which no exception is taken, and no relief requested, plaintiff sues Mobil Overseas Oil Company for a finder's commission of $1,000,000. In the second cause of action, plaintiff alleges that, with knowledge of the claim, defendant Socony Mobil Oil Company caused the dissolution of Mobil Overseas Oil Company, took over its assets and assumed its liabilities. It is alleged that this was done to impede collection of the judgment. The third cause of action is against the directors of the dissolved corporation and alleges that the assets of the latter were more than enough to pay its creditors, including this plaintiff.

As regards the third cause of action, no fraud or malfeasance is alleged, nor any way in which plaintiff could be damaged by any act of these defendants. No liability by virtue of section 15 of the Stock Corporation Law is involved. No transfer to them, nor any transfer forbidden by the section, is alleged.

As to the second cause of action, the moving defendant concedes that it has assumed the liability and that any judgment that may be entered against the dissolved corporation may be entered against it. Plaintiff apparently is not content to accept the concession. Instead, he wishes to prove all the corporate steps by which the dissolution and transfer of assets and liabilities was accomplished. It is hard to discern any legitimate practical purpose behind that attitude. Defendant contends with some plausibility that what plaintiff desires to do is patent — first, to harass defendant by means of an extended examination before trial as to these steps, and, secondly, to bring the transaction before the jury in the hope that the main issue will be influenced by claims of fraud, based on dubious interpretations of the Debtor and Creditor Law. Plaintiff

is in the fortunate position of there being no impediment to the collection of any judgment he may obtain, but would make it appear that he fears this is not so. The reasons given for the fears on argument were demonstrably specious.

As a matter of discretion, all proceedings on the second cause of action are stayed until the disposition of the first cause of action.

The order should be modified on the law by striking out the third cause of action and, as a matter of discretion, staying all proceedings on the second cause of action until the first cause of action is disposed of, and, as so modified, affirmed, with costs to appellants.

Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ., concur.

Order, entered on June 6, 1963, unanimously modified, on the law, by striking out the third cause of action and, as a matter of discretion, staying all proceedings on the second cause of action until the first cause of action is disposed of, and, as so modified, affirmed, with $20 costs and disbursements to the appellants.